IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARLON KERR,                 )
                                         )
                  Plaintiff,      )
                                         )
      v.                      )      Case No. 21-2335-JWL
                                         )
UNIFIED GOVERNMENT OF     )
WYANDOTTE COUNTY /        )
KANSAS CITY, KANSAS and    )
KANSAS CITY BOARD OF PUBLIC  )
UTILITIES,                  )
                                       )
                 Defendants.    )
                                       )
_____)

## MEMORANDUM AND ORDER

This matter comes before the Court on defendants' motion for judgment on the pleadings (Doc. # 11).  For the reasons set forth below, the motion is **granted in part and denied in part**.  The motion is granted with respect to plaintiff's claims against defendant Board of Public Utilities and with respect to plaintiff's claims for punitive damages, and judgment will be entered against plaintiff on those claims.  The motion is otherwise denied.

### I.      Governing Standards

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is analyzed under the same standard that applies to a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *See Park Univ. Enters., Inc. v. American Cas. Co. of Reading,*

*Penn.*, 442 F.3d 1239, 1244 (10th Cir. 2006).  The Court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do.  *See Bell Atlantic*, 550 U.S. at 555.  The Court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).  Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *See Bell Atlantic*, 550 U.S. at 555.  The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims."  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## II.   <u>Section 1981 Claims – But-For Causation</u>

Plaintiff alleges that he is an employee of defendant Kansas City Board of Public Utilities ("the BPU").  He has brought this suit against both the BPU and the Unified Government of Wyandotte County / Kansas City, Kansas ("the Unified Government"). Plaintiff asserts claims under both 42 U.S.C. § 1981 and Title VII of the Civil Rights Act,

42 U.S.C. §§ 2000e *et seq.*, based on allegations of race discrimination (including hostile work environment) and retaliation.

Defendants first argue that they are entitled to judgment on plaintiff's Section 1981 claims because plaintiff has failed sufficiently to allege but-for causation.  As defendants note, the Supreme Court last year held that to prevail on a claim under Section 1981, "a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right."  *See Comcast Corp. v. National Ass'n of African American-Owned Media*, 140 S. Ct. 1009, 1019 (2020).  Defendants argue that plaintiff has not alleged facts to support a plausible claim of but-for causation under Section 1981.

The Court rejects this argument.  Plaintiff has clearly alleged discrimination based on race, including by alleging offensive comments containing explicit references to his race.  Plaintiff has also tied his retaliation claims to his reports of that same discrimination based on race.  He has alleged that he suffered harm "as a result" of that discrimination and retaliation.  Thus, plaintiff has satisfied *Comcast*'s requirement that he plead that but for his race he would not have suffered the alleged harm.  *See id.* at 1015 (terms "on account

of" and "by reason of" indicate but-for causation).[1]   Accordingly, the Court denies
defendants' motion for judgment on plaintiff's claims under Section 1981.[2]

### III.   Punitive Damage Claims

Defendants seek judgment on plaintiff's claims for punitive damages, arguing that
such damages may not be recovered in this case because they are governmental entities.  In
his response, plaintiff has agreed to the dismissal of those claims.  Accordingly, defendants
will be granted judgment on plaintiff's claims for punitive damages.

### IV.   Claims Against the BPU

Finally, defendants argue that plaintiff's claims against the BPU should be
dismissed because that entity lacks the capacity to be sued.  Defendants rely on *Coleman
v. Kansas City Board of Public Utilities for the City of Kansas City, Kansas*, 2003 WL
22213134 (D. Kan. Aug. 21, 2003), in which the Court dismissed claims against the BPU

---

[1] *Watkins v. Genesh, Inc.*, 2021 WL 1238270 (D. Kan. Apr. 2, 2021), *appeal filed*
(10th Cir. Apr. 30, 2021), cited by defendants, is easily distinguished from the present case.
In that case, the court dismissed the plaintiff's Section 1981 claims on this basis because
the plaintiff had alleged discriminatory conduct based only on the plaintiff's gender,
without alleging conduct based on her race.  *See id.* at *2-3.  In the present case, plaintiff
has made clear that the alleged discrimination related to his race.

[2] In their reply brief, defendants have attempted to extend this argument to plaintiff's
Title VII claim.  Even if the Court were inclined to consider an argument raised for the first
time in a reply brief, however, it would reject this basis for dismissal of plaintiff's Title VII
claims.  For the same reasons set forth above, plaintiff's allegations are sufficient to satisfy
a but-for causation standard for his Title VII claims.  Moreover, but-for causation is not
necessarily required for a plaintiff to prevail under Title VII.  *See Bostock v. Clayton
County, Ga.*, 140 S. Ct. 1731, 1739-40 (2020) (but-for and motivating factor causation
standards provide alternative bases for liability under Title VII).

for that reason. *See id.* at *1. The court noted that a city's board of public utilities is an administrative agency of that city that was created by legislative enactment. *See id.* (citing K.S.A. § 13-1220; *Board of Pub. Utils. of Kan. City v. City of Kansas City, Kan.*, 227 Kan. 194, 198 (1980)). The court then cited the rule under Kansas law that "[a]bsent a specific statute, subordinate governmental agencies do not have the capacity to sue or be sued." *See id.* (quoting *Fugate v. Unified Govt. of Wyandotte County / Kan. City, Kan.*, 161 F. Supp. 2d 1261, 1266 (D. Kan. 2001)) (also citing *Wright v. Wyandotte County Sheriff's Dept.*, 963 F. Supp. 1029, 1034 (D. Kan. 1997); *Murphy v. City of Topeka – Shawnee County Dept. of Labor Servs.*, 6 Kan. App. 2d 488, 491 (1981)); *see also Hopkins v. State*, 237 Kan. 601, 606-07 (1985) (cited in *Fugate*) (citing cases and applying rule). The *Coleman* court found no statutory authorization giving boards of public utilities the power to sue or be sued, and it therefore dismissed claims against the BPU of Kansas City, Kansas. *See Coleman*, 2003 WL 22213134, at *1. To the contrary, the court noted that K.S.A. § 13-1223 provides that such boards "may sue and be sued but only in the name of and on behalf of the city." *See id.* (quoting K.S.A. § 13-1223).

Plaintiff opposes dismissal of his claims against the BPU. He argues that the court in *Coleman* did not address the fact that the BPU is now overseen not by the City of Kansas City but by the Unified Government, which comprises both the city and Wyandotte County. That distinction is not relevant, however. Plaintiff does not challenge the general rule under Kansas law that a subordinate governmental entity has no capacity to be sued unless such capacity is created by statute. Nor does plaintiff dispute that the BPU is a subordinate governmental arm of the Unified Government. Plaintiff suggests that water boards for

5

counties may be sued pursuant to K.S.A. §19-3531(3).  That statute, however, is part of the Johnson County Wastewater Supply Act, K.S.A. §§ 19-3522 to -3535, and the power to be sued granted in Section 19-3531(1) applies specifically to the Johnson County Wholesale Water Supply District, overseen by the Johnson County Board of County Commissioners. *See* K.S.A. §§ 19-3522, -3523, -3531(3).  Thus, the statute cited by plaintiff does not authorize suits against the BPU.  Plaintiff has not cited any other possible statutory authorization, and as noted by the court in *Coleman*, the statute under which the BPU was created allows it to be sued only the name of the city to which it is subordinate.  *See id.* § 13-1223.

Accordingly, plaintiff has not shown that the BPU has the capacity to be sued.  The Court therefore grants defendants' motion for judgment on the claims against the BPU. Plaintiff's claims against his employer may be asserted against the Unified Government.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion for judgment on the pleadings (Doc. # 11) is hereby **granted in part and denied in part**.  The motion is granted with respect to plaintiff's claims against defendant Board of Public Utilities and with respect to plaintiff's claims for punitive damages, and judgment will be entered against plaintiff on those claims.  The motion is otherwise denied.

IT IS SO ORDERED.

Dated this 14th day of October, 2021, in Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

6