UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| MARLON KERR | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   21-2335-JWL-GEB |
| | ) | |
| UNIFIED GOVERNMENT OF WYANDOTTE COUNTY/KANSAS CITY, KANSAS, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Plaintiff's Motion to Compel ("Motion"). **(ECF No. 39).** After duly considering the Motion, Defendant Unified Government of Wyandotte County/Kansas City, Kansas' ("Defendant") Response to Plaintiff's Motion to Compel, ("Response") **(ECF No. 40),** Plaintiff's Reply **(ECF No. 98,)** and as discussed below, Plaintiff's Motion is **GRANTED in part and DENIED in part**.

**I.    Background[1]**

Plaintiff brings this federal employment claim against his employer pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 2000e-2, claiming discrimination and a hostile work environment based upon race. At the time his Complaint was filed, Plaintiff was employed by the Kansas City Board of Public Utilities, ("BPU"), which is an agency of the

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1) and Answer (ECF No. 10). This background information should not be construed as judicial findings or factual determinations.

1

Defendant. Plaintiff began working for Defendant in 2008. He alleges a first incident of discrimination took place on March 26, 2020, and a second incident followed on March 31, 2020, which Plaintiff reported to his supervisor. Defendant agrees Plaintiff met with his supervisor, and acknowledges inappropriate comments were made. Apparently, after Plaintiff met with his supervisor on April 1, 2020 regarding both incidents, reporting the incidents to human resources and, on June 10, 2020, to the Equal Employment Opportunity Commission, he continued to be the victim of discrimination and retaliation.

Plaintiff also claims disparate treatment, because he was given directives, and he was more closely supervised than his white co-workers. He further alleges Defendant has engaged in a pattern and practice of racial discrimination. Defendant denies a hostile work environment, a pattern or practice of discrimination, or any disparate treatment against Plaintiff.

On July 30, 2021, Plaintiff filed his Complaint in federal court, and a scheduling order was entered on November 21, 2021. **(ECF No. 18).** The parties proceeded with written discovery until June 24, 2022, when Plaintiff filed a motion to compel regarding certain interrogatories and requests for production propounded to the Defendant.

## II. Parties' Discovery Dispute

Initially, Plaintiff's Motion involved several interrogatories and requests for production the Defendant agreed to produce but were past due.[2] A majority of those

---

[2] ECF No. 39.

disputes have been resolved and/or the documents were produced by the Defendants. Four requests for production ("RFP") have not been resolved. They are Plaintiff's request for:

> 6. Copies of all documents Defendant Unified Government provided to the Kansas Commission on Human Rights, the Equal Employment Opportunity Commission, and/or any other federal, state or governmental agency with regard to any Charge of Discrimination involving race discrimination and/or retaliation at BPU in the last five years.
>
> 7. Copies of all documents Defendant Unified Government provided to the Kansas Commission on Human Rights, the Equal Employment Opportunity Commission, and/or any other federal, state or governmental agency with regard to any Charge of Discrimination involving retaliation at the KCKPD in the last five years.
>
> 18. All complaints and claims of discrimination or harassment based on race by an employee of the BPU Division of the Unified Government from 2017 to the present. This request includes both written and oral complaints of discrimination and/or harassment made by any employee. This request also includes complaints of discrimination, and/or harassment that resulted in the filing of a formal lawsuit, and in such instances produce a copy of the petition and answer filed with the court. This request further includes each and every document reflecting any investigation undertaken by Defendant as a result of any complaint, charge, or lawsuit alleging such discrimination and/or harassment. Please identify any responsive documents by bates number.
>
> 19. All complaints and claims of retaliation by an employee of the BPU Division of the Unified Government from 2017 to the present. This request includes both written and oral complaints of retaliation made by any employee. This request also includes complaints of retaliation that resulted in the filing of a formal lawsuit, and in such instances produce a copy of the petition and answer filed with the court. This request further includes each and every document reflecting any investigation undertaken by Defendant as a result of any complaint, charge,

>or lawsuit alleging retaliation. Please identify any responsive documents by bates number.[3]

Defendant objects to producing the documents responsive to these requests, resulting in Plaintiff's pending motion.

### III. Compliance with D. Kan. Rule 37.2

Pursuant to D. Kan. Rule 37.2, this Court "will not entertain any motion to resolve a discovery dispute" unless the moving party has "conferred or has made reasonable effort to confer with opposing counsel" before filing a motion. Plaintiff contends he sent correspondence to Defendant on April 21, 2022, the parties conferred by telephone on April 25, 2022, and followed-up with three emails regarding this dispute.[4] The Court finds the parties have satisfactorily complied with D. Kan. Rule 37.2.

### IV. Parties' Positions

#### A. Plaintiff's Position

Plaintiff argues the disputed discovery requests are: 1) proportionate to the needs of this case; 2) likely to lead to the discovery of admissible evidence; and 3) not unduly burdensome or expensive for the Defendant to produce.[5]

#### B. Defendant's Position

In direct contrast, Defendant argues requests 6 and 7 are neither proportionate nor relevant.[6] With regard to requests 18 and 19, Defendant also asserts: 1) it cannot produce

---

[3] ECF 39.
[4] ECF 39.
[5] *Id.*
[6] ECF 40.

an oral complaint; 2) the documents requested can be obtained through another source that is more convenient and less expensive; and 3) the requests are duplicative of documents produced in prior discovery requests.[7]

## V. Discussion

### A. Legal Standard

Discovery is governed by Fed. R. Civ. P. 26 which provides, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."[8] "There is a presumption in favor of disclosure of information," and, "Relevance is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on" any party's claim or defense.[9] Further, "Information within this scope of discovery need not be admissible in evidence to be discoverable."[10] Discovery should proceed "unless *it is clear* that the information can have *no possible bearing*" on the claims or defense of a party.[11]

---

[7] *Id.*
[8] Fed. R. Civ. P. 26(b)(1).
[9] *Williams v. UnitedHealth Grp.*, No. 18-2096-HLT, 2020 WL 528604, at *1 (D. Kan. Feb. 3, 2020) (quoting *Gilmore v. L.D. Drilling, Inc.*, No. 16-2416-JAR, 2017 WL 2439552, at *1 (D. Kan. June 6, 2017)).
[10] Fed. R. Civ. P. 26(b)(1).
[11] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001) (citing *Scott v. Leavenworth USD No. 453*, 190 F.R.D. 583, 585 (D. Kan. 1999) (emphasis in original)).

If the discovery sought appears relevant, "the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery, 1) does not come within the scope of relevancy as defined under Rule 26(b)(1), or 2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."[12] On the other hand, when the relevancy of the discovery request is not readily apparent on its face, the party seeking the discovery bears the burden to show the relevancy of the request.[13] Relevancy determinations are generally made on a case-by-case basis.[14]

The discovery must be both relevant and proportional to the needs of the case. The court determines proportionality based upon consideration of the following factors: 1) the importance of the issues at stake in the action; 2) the amount in controversy; 3) the parties' relative access to relevant information; 4) the parties' resources; 5) the importance of the discovery in resolving the issues; and 6) whether the burden or expense of the proposed discovery outweighs its likely benefit.[15]

This is a case based upon allegations of discrimination in an employment setting, and discovery in employment discrimination cases depends heavily upon the particular circumstances of the case.[16] "The Tenth Circuit has indicated that discovery in

---

[12] *Riley v. PK Mgmt., LLC*, No. 18- 2337-KHV, 2019 WL 1509861, at *2 (D. Kan. Apr. 5, 2019) (citing *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003)).
[13] *Id.* (citing *McBride v. Medicalodges, Inc.*, 250 F.R.D 581, 586 (D. Kan. 2008)).
[14] *Id.* (citing *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate*, No. 09-cv-2516-JAR, 2011 WL 765882, at *3 (D. Kan. Feb. 25, 2011)).
[15] Fed. R. Civ. P. 26(b)(1).
[16] *Owens v. Sprint/United Management Co.,* 221 F.R.D. 649, 652, (D. Kan. June 2, 2004), (citing *Epling v. UCB Films, Inc.,* No. 98-4226-RDR, 98-4227-RDR, 00-4062-RDR, 2001 WL 584355, at *4 (D. Kan. Apr. 2, 2001)).

6

discrimination cases should not be narrowly circumscribed, the scope of discovery is particularly broad in a Title VII case, and 'an employer's general practices are relevant even when a plaintiff is asserting an individual claim for disparate treatment'."[17] "Information that may establish a pattern of discrimination is discoverable even when the action seeks only individual relief."[18] Finally, "When the motive or intent of a defendant employer is at issue, information concerning its conduct towards employees other than the plaintiff is relevant."[19]

## B. Discussion

Plaintiff's discovery requests can be placed in two categories. Requests 6 and 7 both relate to documents provided to governmental agencies in connection with any charge of race discrimination and/or retaliation in the last five years, while requests 18 and 19 relate to complaints of discrimination and harassment based upon race and retaliation, copies of any pleadings filed against Defendant in any lawsuit based upon discrimination, harassment or retaliation, and documents associated with any investigation into those complaints. Because these discovery requests essentially present two categories of documents, the Court will address requests 6 and 7 together, and requests 18 and 19 together.

### i. Request Nos. 6 & 7

As previously stated, requests 6 and 7 state:

---

[17] *Id.*, (citing *Gomez v. Martin Marietta Corp.*, 50 F.3d 1511, 1520 (10th Cir.1995)).
[18] *Id.* at 653, (citing *EEOC v. Kansas City S. Ry.*, No. 99–2512–GTV, 2000 WL 33675756, at *4 (D. Kan. Oct. 2, 2000)).
[19] *Id.*, (citing *Spulak v. K Mart Corp.*, 894 F.2d 1150, 1156 (10th Cir.1990)).

> 6. Copies of all documents Defendant Unified Government provided to the Kansas Commission on Human Rights, the Equal Employment Opportunity Commission, and/or any other federal, state or governmental agency with regard to any Charge of Discrimination involving race discrimination and/or retaliation at BPU in the last five years.
>
> 7. Copies of all documents Defendant Unified Government provided to the Kansas Commission on Human Rights, the Equal Employment Opportunity Commission, and/or any other federal, state or governmental agency with regard to any Charge of Discrimination involving retaliation at the KCKPD in the last five years.

In *Owens v. Sprint/United Management Co.*, plaintiff filed suit bringing claims of sex and age discrimination.[20] Similar to the case before the Court, plaintiff propounded an RFP requesting, "[a]ny and all documents relating to other charges of age discrimination and/or sex discrimination filed against defendant with any state or federal regulatory body or court, from January 2000 to present."[21] Defendant in that case objected on relevancy and broadness grounds - broadness based upon the geographical and temporal scope of the request.[22] While the court in *Owens* limited the geographical scope of the request to the plaintiff's work unit, stating "In non-class action employment discrimination cases, the standard for determining the geographic scope of discovery focuses on 'the source of the complained discrimination—the employing unit or work unit,"[23] it declined to limit the temporal scope of plaintiff's request. With regard to the relevancy objection, the court

---

[20] 221 F.R.D. 649 (D. Kan. June 2, 2004).
[21] *Id.*, at 652.
[22] *Id.*
[23] *Id.* at 653, (citing *Mackey v. IBP, Inc.,* 167 F.R.D. 186, 195 (D.Kan.1996)).

8

overruled defendant and found the request for production was "relevant and reasonably calculated to lead to the discovery of admissible evidence."[24]

In this case, the Plaintiff requests copies of all documents the Defendant provided to the Kansas Commission on Human Rights, the Equal Employment Opportunity Commission, and/or any other federal, state or governmental agency with regard to any Charge of Discrimination involving race discrimination and/or retaliation at BPU and at the KCK PD in the last five years; By its objection, Defendant argued these documents are both irrelevant and disproportionate to the needs of this case. However, in its written Response to Plaintiff's Motion, Defendant also argues it was improper for Plaintiff to request only Defendant's responses to charges of discrimination.

Based upon the court's finding in *Owens,* "any and all" documents relating to the charges of discrimination are relevant to Plaintiff's claims and are likely to lead to the discovery of admissible evidence, this Court overrules the Defendant's relevancy objection as to request No. 6. Neither party identifies the connection RFP No. 7 has with the claims or defenses in this case, seeking documents in response to claims of retaliation made by employees of KCKPD, and why this request is made. As such, the court can find no relevancy therein as it relates to this request.

Having determined RFP No. 7 lacks any relevancy to the claims in this case, the Court will not address proportionality as to Request No. 7, rather the Court will now turn to the issue of proportionality as to Request No. 6.

---

[24] *Id.* at 652.

As the parties are aware, discovery requests must be both relevant *and* proportional to the needs of the case. The court determines proportionality based upon consideration of the following factors: 1) the importance of the issues at stake in the action; 2) the amount in controversy; 3) the parties' relative access to relevant information; 4) the parties' resources; 5) the importance of the discovery in resolving the issues; and 6) whether the burden or expense of the proposed discovery outweighs its likely benefit.[25] And, even though neither party expressly addresses the factors relevant to proportionality in their briefing, there are objections on that basis. As such, it is the court's prerogative to make proportionality determinations in this instance. This is a case involving race discrimination in employment and the issues are extremely important. Plaintiff's initial disclosures exchanged between the parties suggests damages of at least $308,320.00, not including costs and fees. Thus, it appears to this court the damages claims support the proportionality of the request.  Other than obtaining the information from the specific human rights entities, Plaintiff lacks access to the information requested, and the Court believes Defendant has the resources to readily access this information with diminutive impact. The nature of the request is visibly important to determining the issues, including intent and pattern and practice. Finally, the Court is of the opinion, any perceived burden or production related to Request No. 6 does not outweigh the likely benefit of discovering any information contained therein. Therefore, The Court overrules the Defendant's proportionality objection as to Request No. 6.

---

[25] Fed. R. Civ. P. 26(b)(1).

### ii.     Request Nos. 18 and 19

Plaintiff's Request Nos. 18 and 19, seek several types of documents:

1. Oral and written complaints of discrimination and harassment based upon race;
2. Oral and written complaints of retaliation;
3. Any court pleadings for cases filed against the Defendant based upon racial discrimination and harassment, or based upon retaliation;
4. All documents reflecting any investigation undertaken by the Defendant as a result of those complaints, charges, or lawsuits.

The requests are expressly limited to BPU, which is the division of the Plaintiff's employment. In addition to relevancy and proportionality objections, Defendant also asserts it cannot produce an oral complaint, the pleadings can be obtained through another source that is more convenient and less expensive, and the requests are duplicative of documents produced in prior discovery requests. The Court will address each category of documents requested.

### 1. Oral and written complaints of discrimination, harassment, and retaliation

Again, in its Response, Defendant objects to production of these documents on the bases of relevancy and proportionality. If the discovery sought appears relevant, "the party resisting discovery has the burden to establish the lack of relevancy by demonstrating the requested discovery is not within the scope as defined under Rule 26(b)(1), or is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."[26] Even though this request appears to

---

[26] *Riley v. PK Mgmt., LLC*, No. 18- 2337-KHV, 2019 WL 1509861, at *2 (D. Kan. Apr. 5, 2019)

11

be relevant on its face, Defendant's point is well taken that it would have no way of producing oral statements – *unless* any such oral statements were reduced to writing. Though Defendant does not address this issue or present any argument as to why the discovery is not relevant in its briefing, the court can consider Defendant's objection to the request itself which indicates in response:

> **...Defendant agreed to produce names of complaints from Plaintiff's division from January 2017 to present...[27]**

Fed.R.Civ.P. 34 requires the Defendant to produce documents within its "possession, custody or control."[28] The Court and Plaintiff recognize an "oral complaint" is not a document the Defendant is capable of producing.[29]

The Court finds written complaints and documents disclosing the names of complainants from Plaintiff's division from January 2017 to the present are relevant to the claims in this case and are within the scope of Fed.R.Civ.P. 26. And, the discovery requests are not so marginally relevant such that the potential harm of production outweighs the ordinary presumption in favor of broad disclosure. In addition, to the extent any such documents within the possession and control of Defendants that reference any oral claims or complaints of retaliation by an employee of the BPU Division of Defendant from 2017 to the present which has been reduced to writing, and any other documents responsive to this request should be produced.

---

(citing *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003)).
[27] ECF No. 39, p.7.
[28] Fed.R.Civ.P. 34(a)(1).
[29] ECF No. 39.

The issue of proportionality was previously discussed herein, and the same analysis applies to these documents. The Court overrules Defendant's proportionality objection.

Finally, as to Defendant's assertion it has already produced the complaints, (pursuant to other discovery requests) in response to these requests, the Court does not expect Defendant to repeat the same production. Instead, the expectation is Defendant will refer Plaintiff to those documents' Bates Stamp number (or other identifying mark) from the prior production. It is simply not sufficient to indicate a "previously produced" response.

### 2. Court Pleadings

Defendant objects to production of any pleadings filed against it based upon racial discrimination, harassment, and retaliation, as there is a less burdensome and more inexpensive means of obtaining those documents.[30] In its responses to the request, Defendant directs Plaintiff to the jurisdiction for finding those pleadings and discloses the names of plaintiffs in those cases.[31] The Court sustains Defendant's objection to production of these court documents. However, the Court notes Plaintiff's correspondence which indicates Defendant may not have disclosed all names responsive to this request.[32] While the Court sustains Defendant's objection to this request, it also orders Defendant to supplement its answer to include all jurisdictions, whether state or federal, in which suit has been filed and to disclose the names of all plaintiffs who filed suit against it based upon

---

[30] ECF No. 40.
[31] ECF No. 39, Exh. D.
[32] ECF No. 39, Exh. A.

racial discrimination, racial harassment or retaliation occurring in the BPU during the period of January 1, 2017 to present.

### 3. Investigation Documents

Defendant seems to abandon any claim of irrelevancy or disproportionality regarding the investigative documents in its Response, as neither are addressed, instead stating, "Since Defendant has provided investigatory memos for complaints, it is unclear what portions of Requests Nos. 18 and 19 remain. Defendant contends it has responded appropriately and its objections under Fed. R. Civ. P. 26(b)(2)(C)(i) remain valid."[33] Rule 26(b)(2)(C)(i) allows a party to object to discovery based upon it being, "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."

Defendant's Response relies solely on the Rule 26(b)(2)(C)(i) objection. As with the complaints of harassment, discrimination, and retaliation requested in the specific request and, insofar as the Defendant has previously produced "each and every document reflecting any investigation undertaken," as requested, the Court does not expect those documents to be re-produced. Defendant, however, is ordered to identify the previously produced investigative documents responsive to this request and refer Plaintiff to the Bates Stamp number (or other identifying mark) of those previously produced documents. Further, if there are additional investigative documents responsive to the request, Defendant shall produce them accordingly.

---

[33] *Id.*

## VI. Conclusion

Based on the foregoing, the Court **ORDERS** the Defendant to produce or supplement its responses to RFP Nos. 6, 18, and 19 on or before September 23, 2022, as set forth herein.

**THEREFORE**, Plaintiff's Motion to Compel Production of Documents **(ECF No. 39)** is **GRANTED in part and DENIED in part** for the reasons set forth above.

## VII. Scheduling

Although not addressed in the parties' briefing, the court is mindful of the toll these requests will take on the current schedule. As such, the court will modify the remaining deadlines in this case as follows:

| | |
|---|---|
| **Rule 35 Deadline** | **October 14, 2022** |
| **Defendant's Expert Deadline** | **October 28, 2022** |
| **Rebuttal Expert Deadline** | **November 4, 2022** |
| **Discovery Deadline** | **November 14, 2022** |
| **Pretrial Order** | **November 18, 2022** |
| **Pretrial Conference** | **November 22, 2022 at 10:00 a.m. via Zoom** |
| **Dispositive Motion Deadline** | **December 2, 2022** |
| **Trial** | **April 3, 2023 at 9:30 a.m.** |

The parties are strongly discouraged from seeking modification of these new deadlines as it risks frustrating the current trial setting. Also, in order to afford the court sufficient time to decide any dispositive motions pursuant to Fed. R. Civ. P. 56, and to have those issues decided within a time frame that will permit adequate trial preparation, the parties are strongly encouraged to complete its Rule 56 briefing in a timely manner and without any requests for extensions. Strict adherence to this schedule is expected. All other

15

guidelines set forth in the Court's Scheduling Order **(ECF No. 18)** continue to govern this case.

**IT IS SO ORDERED.**

Dated: September 14, 2022.

<u>s/ Gwynne E. Birzer</u>
GWYNNE E. BIRZER
U.S. Magistrate Judge
