IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MARLON KERR,                              )
                                          )
           Plaintiff,                    )
                                          )
v.                                        )   Case No. 21-2335-JWL
                                          )
UNIFIED GOVERNMENT OF                     )
WYANDOTTE COUNTY /                        )
KANSAS CITY, KANSAS,                      )
                                          )
           Defendant.                    )
                                          )
_____ )

## **MEMORANDUM AND ORDER**

Plaintiff, a former employee of Kansas City Board of Public Utilities ("the BPU"), an agency of defendant, asserts claims of race discrimination and retaliation. By Memorandum and Order of September 14, 2022, the Magistrate Judge granted in part and denied in part plaintiff's motion to compel. This matter presently comes before the Court on defendant's motion for review of a portion of that ruling by the Magistrate Judge (Doc. #78).[1] Specifically, defendant takes issue with the Magistrate Judge's ruling with respect to plaintiff's Request No. 6, in which she overruled defendant's objections and ordered

---

[1] Defendant has titled its motion as a "Motion to Reconsider" the Magistrate Judge's ruling, but it describes its motion as an appeal while invoking Fed. R. Civ. P. 72(a) and D. Kan. R. 72.1.4(a). Accordingly, the Court considers the motion not as one seeking reconsideration by the Magistrate Judge, but rather as an objection to the order of the Magistrate Judge under the cited rules.

defendant to produce responsive documents. For the reasons set forth below, the Court **denies** the motion for review.

With respect to a magistrate judge's order relating to nondispositive pretrial matters, the district court does not conduct a de novo review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to law." *See First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461-62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). The clearly erroneous standard "requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *See Ocelot Oil*, 847 F.2d at 1464 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Arguments not made to the magistrate judge are deemed waived and may not be raised for the first time on review. *See McCormick v. City of Lawrence, Kan.*, 218 F.R.D. 687, 693 n.4 (D. Kan. 2003) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)).

In the only discovery request at issue in defendant's motion, plaintiff sought the following:

> Copies of all documents Defendant Unified Government provided to the Kansas Commission on Human Rights, the Equal Employment Opportunity Commission, and/or any other federal, state, or governmental agency with regard to any Charge of Discrimination involving race discrimination and/or retaliation at BPU in the last five years.

Plaintiff conceded in his motion to compel that he had agreed to narrow this request to the production of defendant's responses and position statements (plus attachments) submitted

to agencies for any such charge. Defendant objected on the basis that the request sought irrelevant information and was disproportionately burdensome. The Magistrate Judge addressed and overruled both objections.

With respect to relevance, the Magistrate Judge began by setting forth the applicable discovery standards, including that relevance is to be construed broadly to encompass any matter that could reasonably lead to matters bearing on the claims or defenses; that information need not be admissible to be discoverable; and that discovery should be permitted unless it is clear that the information can have no possible bearing on the issues. In its present motion, defendant does not take issue with these standards as recited by the Magistrate Judge. Nor has defendant challenged the Magistrate Judge's recognition that the scope of discovery is generally broad in a discrimination case, particularly if the defendant's practices or intent is at issue, in which case information concerning the defendant's treatment of other employees may be relevant. *See, e.g.*, *Owens v. Sprint / United Mgmt. Co.*, 221 F.R.D. 649, 652-53 (D. Kan. 2004) (citing cases).

In seeking review of the Magistrate Judge's finding of relevance, defendant's sole argument is that plaintiff has not alleged any impropriety with respect to defendant's responses to agencies and that its responses therefore have no bearing on plaintiff's claims. Defendant's description of the requested documents' potential relevance, however, is far too restrictive. As the Magistrate Judge pointed out, an employer's treatment of other employees may be relevant, especially with respect to the issues of pattern and practice and intent. Thus, the requested information is facially relevant, and defendant has not shown that these documents cannot contain relevant information. To cite the most obvious

example, defendant may have made admissions in its responses to charges of discrimination that it (or its decisionmakers or other employees) did discriminate or act with discriminatory intent. Thus, the requested documents could reasonably contain information that could lead to the discovery of admissible evidence. The Court therefore concludes that the Magistrate Judge did not act clearly erroneously or contrary to law in overruling defendant's relevance objection.

The same is true with respect to the Magistrate Judge's decision to overrule defendant's proportionality objection. As the Magistrate Judge noted, Rule 26(b) provides for the discovery of relevant matter that is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1). The Magistrate Judge considered each of these factors and weighed them all in favor of discovery of the disputed documents. In responding to plaintiff's motion to compel, defendant did not identify the number of responsive document or attempt to explain the burden to produce them, nor did it address any of these factors from the rule concerning proportionality. Accordingly, defendant waived any such argument.

Moreover, defendant has not shown that the Magistrate Judge's weighing of these factors was clearly erroneous or contrary to law. Defendant's present arguments concerning the first, fifth, and sixth factors depend entirely on its too-restrictive statement of the documents' potential relevance. The Court agrees with the Magistrate Judge that

4

the information sought is relevant, and thus defendant has not shown that these factors weigh in its favor.² With respect to the third and fourth factors, defendant argues that plaintiff could (and can afford to) obtain the documents directly from the agencies through subpoena, but that argument is undercut by its admission that the agencies generally will not provide those documents to third parties. Because defendant has access to the requested documents, the Court defers to the Magistrate Judge's weighing of these factors in plaintiff's favor, as well as to her decision to overrule defendant's proportionality objection. Accordingly, the Court denies defendant's motion for review, and defendant is ordered to produce the requested documents.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for review (Doc. # 78) is hereby **denied**.

IT IS SO ORDERED.

Dated this 2nd day of November, 2022, in Kansas City, Kansas.

<u>John W. Lungstrum</u><br>
John W. Lungstrum<br>
United States District Judge

---

² Defendant again fails to explain why production of these documents would be burdensome; it instead argues that because the relevance is zero, any burden outweighs the likely benefit of the discovery. As discussed, the potential relevance is not zero, and defendant has utterly failed to explain how production of these documents would impose any significant burden.